# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PERCY STOCKTON,                               1:10-cv-00774 SMS HC

       Petitioner,
                                              ORDER OF TRANSFER

   v.

STATE OF CALIFORNIA, et.al.,

       Respondents.
_____/

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

       The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

       In this case, Petitioner challenges the validity of his sentence. The proper venue for challenging the validity of his sentence is the district court containing the sentencing court, while the proper venue to challenge the execution of his sentence is the district court containing the prison in which Petitioner is incarcerated.

1    Although Petitioner has filed in the proper district court to challenge the execution of his
2 sentence, this petition should be heard by the district court containing the sentencing court.
3 Under 28 U.S.C. section 2254, this Court does not have jurisdiction to hear claims relating to the
4 sentencing court where Petitioner was not sentenced in this district. See 28 U.S.C. § 2241(d);
5 Local Rule 191(g).  Additionally, the resolution of Petitioner's claims involving the sentencing
6 court may render his remaining claims moot.

7    Petitioner is challenging a conviction from San Diego County, which is in the Southern
8 District of California.  Therefore, the petition should have been filed in the United States District
9 Court for the Southern District of California.  In the interest of justice, a federal court may
10 transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes
11 v. McGuire, 512 F.2d 918, 932 (D.C. Cir.1974).

12    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
13 States District Court for the Southern District of California.

15 IT IS SO ORDERED.

16 **Dated:**   July 20, 2010                          /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE